UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>      Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street, NW, MS-7328,<br>Washington, DC 20240<br><br>      Defendant. | Civil Case No. 1:25-cv-2658 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of the Interior ("DOI") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DOI's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5. Defendant DOI is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On June 19, 2024, PPT submitted two FOIA requests to the DOI's National Park Service's ("NPS") FOIA Officer, Nicholas Banco (Exhibit "A") and DOI's FOIA Officer (Exhibit "B") requesting records related to the pro-Gaza protest held in Lafayette Square on June 9, 2024 (hereinafter collectively referred to as Request A).

9. On June 20, 2024, DOI acknowledged receipt of Request A and assigned it control number DOI-OS-2024-000618 indicating it had no records for Tyler Cherry, as he left the DOI and would need to search for and collect requested records from field facilities or other units that were separate from the office processing the request (Exhibit "C").

10. On July 8, 2024, NPS also acknowledged receipt of Request A and assigned it control number DOI-NPS-2024-001164 indicating that it expected to make a determination regarding Request A by February 10, 2025 (Exhibit "D").

11. As of the date of filing, PPT has not received any further communication regarding the records from Request A.

12. On July 31, 2024 and August 9, 2024, PPT submitted two additional FOIA requests to the DOI's NPS's FOIA Officer, Nicholas Banco (Exhibit "E") and DOI's FOIA Officer (Exhibit "F") requesting records related to the July 24, 2024, protests of Benjamin Netanyahu, including

those occurring at Columbus Plaza, John Marshall Park, and other areas around the U.S. Capitol, respectively (hereinafter collectively referred to as Request B).

13. On August 15, 2024, NPS acknowledged receipt of Request B and assigned it control number DOI-OS-2024-000838 indicating that the request fell into the "Normal" processing track and would generally take six to twenty workdays to process (Exhibit "G").

14. On August 16, 2024, DOI acknowledged receipt of Request B and assigned it control number DOI-NPS-2024-001164 indicating that it expected to make a determination regarding Request A by February 10, 2025 (Exhibit "H").

15. Requests A and B seeks documents in the public interest because it will help the public's understanding of DOI and NPS, its compliance with its own mission and responsibilities, and allow PPT to convey to the public information about communication regarding the Israeli Prime Minister.

16. DOI and NPS have still not made any determinations with regard to PPT's FOIA Requests despite over 414 days having elapsed for Request A and 363 days for Request B. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOI has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

17. DOI and its NPS have thus violated its FOIA obligations.

18. Because DOI and its NPS have failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

19.     PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20.     PPT's DOI requests discussed above were properly submitted requests for records within the possession, custody, and control of DOI.

21.     DOI is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

22.     DOI is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

23.     DOI's failure to provide all non-exempt responsive records violates FOIA.

24.     Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOI to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until DOI complies with the requirements of FOIA and any and all orders of this Court.

B) Order DOI to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

Grant PPT other such relief as the Court deems just and proper.

Dated: August 13, 2025                                    Respectfully submitted,

PROTECT THE PUBLIC'S TRUST

By Counsel:
/s/ Karin M. Sweigart

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

*Counsel for the Plaintiff*